UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DOROTHY CAMPBELL,

       Plaintiff,

  v.

HARTFORD LIFE INSURANCE COMPANY; and DOES 1 through 20, inclusive,

       Defendants.

No. 2:11-cv-01540-MCE-CMK

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff Dorothy Campbell ("Plaintiff") originally initiated this action against Defendant Hartford Life Insurance Company ("Defendant") in the Superior Court of the State of California in and for the County of Modoc. On June 7, 2011, Defendant removed the case to this Court, and Plaintiff has since filed a Motion to Remand. For the following reasons, Plaintiff's Motion is DENIED.[1]

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

1

## BACKGROUND

Plaintiff, a California citizen, filed suit against Defendant, a Connecticut insurance corporation, in Modoc County Superior Court alleging causes of action for breach of contract, bad faith breach of the implied covenant of good faith and fair dealing (hereafter "Bad Faith") and violation of California's Fair Trade Practices Act, California Insurance Code § 790.03. Plaintiff contends that Defendant wrongfully withheld accidental death benefits owed to Plaintiff under a policy insuring the life of her husband, Richard Campbell.  More specifically, Plaintiff contends she timely submitted a covered claim to Defendant under the above policy after her husband was killed in a car accident. According to Plaintiff, however, Defendant failed to reasonably and adequately investigate and evaluate her claim before denying her benefits.

In her original Complaint, Plaintiff alleged the face value of the policy was $10,000.  In addition, pursuant to her Bad Faith claim, Plaintiff sought general damages, including, among other things, damages for mental and emotional distress, in excess of $25,000.  Plaintiff also sought punitive damages and attorneys' fees.

Approximately one month after Plaintiff filed her original Complaint, Plaintiff filed an amendment to the Complaint to correct errors made in the naming of Defendant as a party.
///
///
///

Defendant then timely removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, and filed a Motion to Dismiss Plaintiff's third cause of action. Plaintiff, in turn, filed a Motion to Remand. The parties subsequently filed a stipulation by which Plaintiff voluntarily dismissed the challenged claim, Defendant withdrew its Motion to Dismiss, and the parties agreed Plaintiff would file a Second Amended Complaint ("SAC").[2] The parties' stipulation did not affect Plaintiff's Motion to Remand, which remains pending before this Court.

Plaintiff has since filed the operative SAC, still asserting the original breach of contract and Bad Faith causes of action. Her damages allegations also remain the same, with one exception: Plaintiff now alleges she sustained at least $50,000 in general damages pursuant to her Bad Faith claim.

**STANDARD**

A defendant may remove any civil action from state court to federal district court if the district court has "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). Generally, district courts have original jurisdiction over civil actions in two instances:

///
///
///

---

[2] The parties apparently considered the amendments filed in state court to have resulted in a First Amended Complaint.

3

1  (1) where there is complete diversity between the parties and the
2  amount in controversy exceeds $75,000; or (2) where a federal
3  question is presented in an action arising under the
4  Constitution, federal law, or treaty.  28 U.S.C. §§ 1331 and
5  1332.
6      Courts construe the removal statute strictly against
7  removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)
8  (citations omitted).  Therefore, if there is any doubt as to the
9  right of removal in the first instance, remand must be granted.
10 See id.  Furthermore, "[i]f at any time before final judgment it
11 appears that the district court lacks subject matter
12 jurisdiction, the case shall be remanded" to state court as well.
13 28 U.S.C. § 1447(c).
14
15                            **ANALYSIS**
16
17     The parties' only dispute in this case is whether the amount
18 in controversy alleged exceeds the jurisdictional amount.
19 Defendant bears the burden of establishing this amount.  Ethridge
20 v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).  In
21 order to defeat a motion to remand an action removed pursuant to
22 28 U.S.C. § 1332 when, as here, the state court complaint does
23 not specify an amount of damages, the removing defendant must
24 prove by a "preponderance of the evidence" that the amount in
25 controversy requirement has been met.
26 ///
27 ///
28 ///

4

Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007).  In addition, "[w]hen an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court."  Miller v. Grqurich, 763 F.2d 372, 373 (9th Cir. 1985).  However, in determining whether the jurisdictional requirement has been met in such cases, the court may consider evidence submitted subsequent to the notice of removal, including evidence submitted in conjunction with an opposition to a motion to remand.  See Willingham v. Morgan, 395 U.S. 402, 407 n.3, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969) ("[I]t is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits."); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002); Mattel, Inc. v. Bryrant, 441 F. Supp. 2d 1081, 1093-94 (C.D. Cal. 2005) (Court can consider "post-removal" evidence in determining the propriety of its jurisdiction.) (internal citations omitted).

   "The jurisdictional minimum may be satisfied by claims for special and general damages, punitive damages, and attorneys' fees."  Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).  In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount.

///

///

5

Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co., 465 F.2d 489, 491 (9th Cir. 1972); Wolde-Meskel v. Vocational Instruction Project Community Services, Inc., 166 F.3d 59, 62 (2d Cir. 1999). By way of her breach of contract claim, Plaintiff asserts a contract amount of $10,000 and seeks damages to be determined at trial. In addition, pursuant to her Bad Faith claim, Plaintiff originally alleged damages of at least $25,000, but has since clarified that those same general damages are worth at least $50,000.[3]  See Complaint, ¶ XVI; SAC, ¶ XVI. Therefore, Plaintiff herself has pled damages totaling, at a minimum, $60,000. The only remaining question is thus whether the sum of the other damages claimed by Plaintiff, punitive damages and attorney's fees, exceeds $15,000, thereby satisfying the jurisdictional amount in controversy.

Punitive damages may be considered in determining the amount in controversy if they are recoverable as a matter of state law. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001); Anthony v. Security Pac. Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir. 1997). In California, punitive damages are available pursuant to breach of implied covenant claims.

---

[3] Since this Court can consider post-removal evidence in evaluating its own jurisdiction, the Court will consider the allegations in Plaintiff's SAC to the extent they reflect on the amount in controversy as it stood at the time Plaintiff's action was removed. The only material change between Plaintiff's Complaint/FAC and SAC is her omission of her third cause of action. Plaintiff's other causes of action remain the same. Moreover, her new allegation that she has suffered at least $50,000 in general damages is entirely consistent with her original allegation that she suffered at least $25,000 in damages. Accordingly, the Court interprets the allegations in the SAC as an admission reflecting on the actual damages alleged within the FAC at the time of removal.

6

1  Cal. Civ. Code § 3294.  Accordingly, this Court may consider
2  punitive damages when determining the amount in controversy.  See
3  Simmons, 209 F. Supp. 2d at 1033.  When assessing the probable
4  amount of unspecified punitive damages for jurisdictional
5  purposes, courts may look to verdicts in analogous cases as a
6  reasonable approximation.  See id.  To this end, Defendant
7  attempts to highlight jury verdicts with substantial punitive
8  damage awards.  See, e.g., Notice of Removal, ¶ 16 (citing
9  Filippo Industries, Inc. v. Sun Insurance Co., 74 Cal. App. 4th
10 1429 (1999) (jury awarded $850,000 in contract damages along with
11 $4,125,000 in tort damages for bad faith and $750,000 in punitive
12 damages)).  Defendant also points out that courts often apply a
13 four-to-one ratio in remitting punitive damages awards, which
14 would result in an estimated $200,000 award in this case.
15 Opposition, 12:2-9 (citing State Farm Mut. Auto. Ins. Co. v.
16 Campbell, 538 U.S. 408 (2003); BMW of North America, Inc. v.
17 Gore, 517 U.S. 559 (1996)).
18     Plaintiff objects to Defendant's arguments on the basis they
19 are the result of "pure speculation."  Motion, 5:15-16.
20 According to Plaintiff, "[t]his Defendant can no more factually
21 assert that it is more likely than not that Plaintiff's claim
22 will result in a bad faith verdict and a punitive damage verdict
23 that exceeds $75,000 then [*sic*] they can reliably predict the end
24 of the world."  Id., 5:16-18.  The Court need not address the
25 parties' arguments as even a minimum award of punitive damages
26 would satisfy the jurisdictional requirement.
27 ///
28 ///

1    Finally, attorney's fees may also be considered in
2 determining the amount in controversy if such fees are
3 recoverable by plaintiff, either by statute or by contract. <u>Galt</u>
4 <u>G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998).
5 Attorney's fees are recoverable "[w]hen an insurer's tortious
6 conduct reasonably compels the insured to retain an attorney to
7 obtain the benefits due under a policy." <u>Brandt v. Superior</u>
8 <u>Court</u>, 37 Cal. 3d 813, 815 (1985).  Because attorney's fees
9 attributable to the prosecution of Plaintiff's breach of contract
10 cause of action are recoverable via her Bad Faith claim, such
11 fees may therefore be included in determining the amount in
12 controversy.
13    Plaintiff thus takes the position that the fees allocable to
14 her breach of contract claim will be minimal.  Reply, 3:16-16.
15 Defendant, on the other hand, argues that some portion of the
16 fees incurred most certainly will be attributed to Plaintiff's
17 contract cause of action and that litigating this case to
18 completion, especially given Plaintiff's hiring of two
19 experienced attorneys from two different firms, one of whom has
20 sought $400 per hour in fee recovery in similar litigation, will
21 undoubtedly lead to recoverable fees in excess of $15,000.
22 Opposition, 9:7-10:6; Sur-Reply, 2:15-23.  Though the Court finds
23 Defendant's arguments persuasive, the Court again need not
24 address this argument as even a minimal award of attorney's fees
25 would cause the amount in controversy to exceed the
26 jurisdictional minimum.
27 ///
28 ///

1    While an award of punitive damages and attorney's fees alone
2 would not necessarily exceed $75,000, when viewed in combination
3 with the alleged compensatory damages totaling at least $60,000,
4 the amount in controversy clearly exceeds the jurisdictional
5 minimum.  Therefore, this Court is satisfied that Defendant has
6 met its burden of proving the jurisdictional minimum by a
7 preponderance of the evidence, and Plaintiff's Motion to Remand
8 to state court fails.

**CONCLUSION**

For the reasons just stated, Plaintiff's Motion to Remand (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated: September 19, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

9